IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Martha L. Chacón Acevedo**<br>  Plaintiff<br><br>v.<br><br>**Miguel Angel Cotto Vázquez,**<br>**Melissa Guzmán de Cotto,**<br>**Miguel Cotto Carrasquillo,**<br>**José Cotto, Carlos Cotto,**<br>**ALOMAC Investment Corp.**<br>**MACV, Inc.,**<br>**Condominio Villas del Turabo, Inc.,**<br>**XYZ Insurance Co.**<br><br>       **Defendants** | CIVIL No. 09-1857<br><br>Title VII, 42 U.S.C. 2000 e-2<br><br>**SEXUAL HARASSMENT**<br><br>    Request for Jury Trial |

# VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW THE PLAINTIFF,** Martha L. Chacón Acevedo, by and through the undersigned counsel, allege the claims set forth in this complaint. Plaintiff's claims as to herself and her own actions are based upon personal knowledge. All other allegations are based upon information and belief supported by the investigation of counsel.

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an action for sexual harassment arising under Title VII of the Civil Rights Act of 1962, 42 USC 2000(e)-2 et. seq. This Court has jurisdiction over this action under 28 USC 1331.

2. This is also an action for sexual harassment arising under Law 17 of 1988 of Puerto Rico, 29 LPRA 155b et seq. This claim arises from the same number of operative facts of the sexual harassment claim under Title VII. Accordingly, this Court has jurisdiction over this claim pursuant to 28 USC 1367.

3. Venue is proper in this district under 28 USC 1391 and 1400 because Corporate Defendants, Miguel Ángel Cotto Vázquez, Melissa Guzmán, Miguel Cotto Carrasquillo, Carlos Cotto and José Cotto have their principal place of business in, and the claims alleged in this Complaint arose in, this judicial district.

## THE PARTIES

4. Plaintiff MARTHA L. CHACÓN (hereinafter "Plaintiff Chacón") is a citizen of Venezuela and a resident of Caguas, Puerto Rico. She was an employee of Corporate Defendants, as defined herein below, from December 20, 2007 until March 30, 2009, during which time the alleged sexual harassment described herein below occurred.

5. Defendants ALOMAC Investment Corp., MACV, Inc., Condominio Villas del Turabo, Inc., (collectively the "Corporate Defendants") are companies organized under the laws of and doing business in Puerto Rico.

6. Defendant Miguel Ángel Cotto Vázquez (hereinafter "Defendant Cotto Vázquez") is a citizen of the United States of America and a resident of Puerto Rico. He is Co-President of the Corporate Defendants and was supervisor of Plaintiff Chacón.

7. Defendant Melissa Guzmán (hereinafter "Defendant Guzmán") is the wife of Defendant Cotto Vázquez and a United States of America citizen and resident of Puerto Rico.

8. Defendant Miguel Cotto Carrasquillo (hereinafter Defendant Cotto Carrasquillo") is a citizen of the United States of America and resident of Puerto Rico. He is Co-President of the Corporate Defendants and supervisor of Plaintiff Chacón.

9. Defendant José Cotto Vázquez (hereinafter "Defendant José Cotto") is a United States of America citizen and resident of Puerto Rico. Defendant José Cotto is an employee and/or advisor/and/or consultant and/or officer of the Corporate Defendants.

10. Defendant Carlos Cotto (hereinafter "Defendant Carlos Cotto") is a United States of America citizen and resident of Puerto Rico. Defendant José Cotto is an employee and/or advisor/and/or consultant and/or officer of the Corporate Defendants.

**FACTS COMMON TO ALL CLAIMS**

11. On or about December 20,2007 Plaintiff Chacón was hired by Corporate Defendants, where she occupied the position of Administrator and received a salary of ONE THOUSAND THREE HUNDRED DOLLARS (US$1,300.00) per month, plus the use and enjoyment of a rent-free apartment unit at Vistas del Turabo, valued at approximately SEVEN HUNDRED DOLLARS (US$700.00) per month.

12. Plaintiff Chacón was under the direct supervision of Defendants Cotto Vázquez and Cotto Carrasquillo.

13. While conducting her responsibilities as administrator of Vistas del Turabo Defendant Cotto Vázquez sexually harassed Plaintiff Chacón by making sexual innuendos and undesired and unwelcomed physical actions. In addition, Defendant Cotto Vázquez

offered Plaintiff Chacón money and other benefits in exchange for sustaining a sexual relationship with him.

14. Defendant Cotto Vázquez continuously made sexual remarks to Plaintiff Chacón and on numerous occasions would rub his body against that of Plaintiff Chacón, all while Plaintiff Chacón rejected and unwelcomed Defendant Cotto Vázquez sexual advances and complained to him about his unlawful and despicable conduct.

15. Defendant Cotto Vázquez is a resident of the complex at Road 172 Km. 3.4 that is adjacent or part of the complex known as Vistas del Turabo, a multi–family residential development owned by a Corporate Defendant and where Plaintiff Chacón resides and acted as its administrator.

16. The sexual harassment suffered by Plaintiff Chacón included acts by Defendant Cotto Vázquez while Plaintiff Chacón was in her residence. Such acts included, but were not limited to, observing Plaintiff Chacón, unbeknown to her, through the windows of her apartment. In addition, Defendant Cotto Vázquez would call Plaintiff Chacón while she was at her apartment asking her to watch him while he modeled practically nude except for a piece of underwear for her.

17. Furthermore, Defendant Cotto Vázquez would call Plaintiff Chacón at her apartment inquiring if she was alone.

18. On one occasion Defendant Cotto Vázquez invited Plaintiff Chacón to his apartment under the pretense of discussing certain matters pertaining to the remodeling of his apartment. Plaintiff Chacón declined to meet with Defendant Cotto Vázquez alone at his apartment, out of concern, or fear, of being sexually assaulted. Upon his insistence and

threats she went to the proposed meeting, with her children, and despite the children's presence he proceeded to play a recording of the TV series Nip-Tuck which contained numerous sexually graphic images. Plaintiff Chacón expressed her disdain and although Plaintiff Chacón's children were present Defendant CottoVázquez continued to play the objectionable and sexually explicit material.

19. Thereafter, and knowing Plaintiff Chacón's objection to such pornographic material, Defendant Cotto Vázquez gave her, as an unsolicited "gift", the Nip-Tuck series collection saying that he had kept the last chapter to himself in order to watch it together when the two of them could be alone.

20. Moreover, on or about February 2008, and while Defendant Cotto Vázquez was in Miami, Florida for professional matters, he called Plaintiff Chacón asking for her measurements because he was at a Victoria's Secret store and wanted to buy her some sexy lingerie, with the intent of having her model it for him. Plaintiff Chacón strongly rejected such indecent proposal immediately and refused to provide Defendant Cotto Vázquez with such personal information. Defendant Chacón complained about this to Mr. Cotto Carrasquillo who dismissed the complaint.

21. Despite Plaintiff Chacón's objections, Defendant Cotto Vázquez bought such lingerie with the intent of giving it to Plaintiff Chacón and, indeed, tried to give it to her along with other products such as body creams and lotions. Furthermore, Defendant Cotto Vázquez asked Plaintiff Chacón to wear the intimate garments he had purchased and model for him. Plaintiff Chacón rejected such gifts and indecent proposal and stated that Defendant Cotto Vázquez's actions and requests were improper, indecent and illegal and

showed a total lack of respect towards Plaintiff Chacon and the law. Defendant Cotto Vázquez laughed at Plaintiff Chacón's comments while expressing that he was Miguel Cotto, the champion, and he could do anything he pleased.

22. Defendant Cotto Vázquez continuously asked Plaintiff Chacón not to treat him as the boss but as her lover; this, because Plaintiff Chacón always insisted in treating Defendant Cotto Vázquez as her supervisor, that being the only relationship she was interested in, a professional relationship.

23. As landlord of the apartment occupied by Plaintiff Chacón, Defendant Cotto Vázquez had a key to her apartment, thus being able to gain access at Plaintiff Chacón's apartment at will.

24. As such, and without the expressed or implied consent of Plaintiff Chacón, Defendant Cotto Vázquez entered her apartment and left champagne and other gifts, such as compact disc recordings of the Sex and the City TV series.

25. Upon knowing of Defendant Cotto Vázquez's illegal entry into her apartment, and because of the constant sexual harassment, Plaintiff Chacón was terrified of the insecurity such a condition caused her, and her children.

26. Defendant Cotto Vázquez was constantly harassing Plaintiff Chacón insisting in visiting her apartment, this despite her strong opposition; on occasions he would take advantage of his public figure status to gain access to her gatherings with her friends.

27. Defendant Cotto Vázquez publicly expressed to Plaintiff Chacón's co-workers comments such as: "Esa Martha está bien buena" ("That Martha has a very hot body"), as informed

by Ms. María Doe, for lack of knowledge of her real last name, co-worker of Plaintiff Chacón.

28. On another occasion, and as per her duties as Villa del Turabo's administrator, Plaintiff Chacón had to call Defendant Cotto Vázquez late at night to inform him that his car's headlights were on, to which he responded that he would leave them on every night just so that Plaintiff Chacón had to call him.

29. On numerous occasions, and in front of her co-workers, Defendant Cotto Vázquez would tell Plaintiff Chacón "I need you to manage my life", to which expression Plaintiff Chacón objected strongly.

30. In addition, when Plaintiff Chacón would object to Defendant Cotto Vázquez about his illegal and improper sexual harassment and comments, he would simply ask her why she was so fearful, being a grown woman.

31. On other occasions Defendant Cotto Vázquez forcefully hugged and kissed Plaintiff Chacón, all despite her strong objections, rejection and defense.

32. On April, 2008, and while in training for his next boxing match, Defendant Cotto Vázquez ordered Plaintiff Chacón to supervise the remodeling work of his properties and, under the false pretense of calling to inquire about the remodeling job, called Plaintiff Chacón from Atlantic City to make sexually oriented remarks and suggestions.

33. Right about this time of the Alfonso Gómez bout on April 12th, 2008, Defendant Cotto Vázquez called Plaintiff Chacón from the United States to let her know that he was thinking of her and to continue the sexual harassment, all under the pretense of having called to inquire about his apartment's remodeling work.

34. For fear from defendant Miguel Cotto Vázquez and from losing her only means of sustenance for her three children and their home, plaintiff acquiesced to his sexual advances until two months later when she could not cope morally or spiritually with the situation and expressed her objections again to defendants Cotto Vázquez and Cotto Carrasquillo, resulting in her being fired.

### FACTS CORRESPONDING TO DEFENDANT MELISSA GUZMÁN

35. On or about the middle of October, 2008 Defendant Melissa Guzmán, wife of Defendant Cotto Vázquez, and while Plaintiff Chacón was performing her work duties at one of Defendant Cotto Vázquez's properties in Palmas del Mar, Humacao, all in response to Defendant Cotto Carrasquillo's instructions, proceeded to insult Plaintiff Chacón for being there and violently threatened her in the presence of Plaintiff Chacón's children and Ms. Cathlyn González, a neighbor of Villas del Turabo that was accompanying Plaintiff Chacón as a safety measure.

36. Shortly thereafter, Defendant Cotto Vázquez showed up and Defendant Melissa Guzmán inquired from him about Plaintiff Chacón and he responded that he would promptly "get rid of her", firing her.

37. Although Plaintiff Chacón explained to Defendants Cotto Vázquez and Melissa Guzmán that she was there working, under the direct instructions of Defendant Cotto Carrasquillo, Defendant Melissa Guzmán continued to violently insult and verbally attack Plaintiff Chacón calling her "Puta"( "whore"), among other insults.

## FACTS CORRESPONDING TO DEFENDANT COTTO CARRASQUILLO

38. Defendant Cotto Carrasquillo, whom also acted as Plaintiff Chacón's supervisor, would make the following comments when Plaintiff Chacón complained to him about Defendant Cotto Vazquez' illegal and improper conduct: "Martha, you should not be alone", "You need a man to take care of you", "I will take care of you".

39. Furthermore, Defendant Cotto Carrasquillo would also instruct her to "Do absolutely everything that my son (Defendant Cotto Vázquez) asks of you".

40. Plaintiff Chacón complained on numerous occasions to Defendant Cotto Carrasquillo about the sexual harassment by Defendant Cotto Vázquez. Despite acknowledging that he knew of the sexual harassment at her place of work and that he would talk to everyone involved, namely Defendants Cotto Vázquez, José Cotto and Carlos Cotto, and conduct meetings to correct the said illegal and improper misconduct by the other male defendants, Defendant Cotto Carrasquillo took no affirmative action to stop the sexual harassment suffered by Plaintiff Chacón and protect her from such unwanted and improper misconduct of the various male defendants herein.

41. On October 31, 2008, and as a result of the Palmas del Mar incident described in numbers 34 trough 36 hereinabove, defendant Cotto Carrasquillo asked Plaintiff Chacón to meet him in private in his office. At such meeting, Defendant Cotto Carrasquillo informed Plaintiff Chacón that because his daughter-in-law had jealousy problems with Plaintiff Chacón he had no alternative but to fire her, alleging his son's wife is the real boss and, therefore, Plaintiff Chacón could not be allowed to remain in her position and he had to please his daughter-in-law.

42. Nonetheless, Defendant Cotto Carrasquillo asked Plaintiff Chacón to continue working as administrator of the Villas del Turabo residential complex in lieu of not having to pay rent and, in addition, Defendant Cotto Carrasquillo asked her to finish certain permitting matters related to some of the Coporate Defendants's properties at the rate of ONE THOUSAND DOLLARS (US$1,000.00) per permit, which she agreed to.

43. Nevertheless, and despite having complied with Defendant Cotto Carrasquillo's work requests and finishing the permitting work assignments, Defendant Cotto Carrasquillo has refused to pay Plaintiff Chacón the amount earned by her and owed by the Corporate Defendants and/or Defendant Cotto Carrasquillo, all totaling the amount of ELEVEN THOUSAND DOLLARS (US$11,000.00).

### FACTS RELEVANT TO DEFENDANT JOSÉ COTTO

44. Defendant José Cotto, brother of Defendant Cotto Vázquez and son of Defendant Cotto Carrasquillo, on numerous occasions sexually harassed Plaintiff Chacón, at her place of work, while she performed her work duties.

45. At some time during her tenure at Alomac Investment Corp. and MACV plaintiff Chacón was assigned to temporarily manage the MAC Gasolinera Turabo, Inc.'s gas station, part of ALOMAC's investment properties, and gave her chocolates, candy, and other unwelcomed gifts. In addition, Defendant José Cotto would ask her about her husband and tell her that if she were with him she would never have to work and would never be alone, all while making unwelcomed sexual comments and explicit sexual insinuations; all against Plaintiff Chacón's objections and complaints.

46. Because of Plaintiff Chacón's rejections to his sexual harassment, Defendant José Cotto threatened and insulted her.

### FACTS RELEVANT TO DEFENDANT CARLOS COTTO

47. Defendant Carlos Cotto, cousin of Defendants Cotto Vázquez and José Cotto, also asked Plaintiff Chacón to meet Defendant Cotto Vázquez at Defendant Cotto Vázquez's apartment and when she expressed her fear of being alone with Defendant Cotto Vázquez Defendant Carlos Cotto scolded her and assured her that he would also be there, which did not occur.

48. Moreover, Defendant Carlos Cotto, without Plaintiff Chacón's approval or request, grabbed her buttocks while sexually harassing her.

### FIRST CAUSE OF ACTION – SEXUAL HARASSMENT (QUID PRO QUO) UNDER TITLE VII

49. The allegations contained in paragraphs 1 – 48 are incorporated herein by reference.

50. The actions of Defendants Cotto Vázquez, Cotto Carrasquillo, José Cotto, Carlos Cotto and Corporate Defendants constituted quid pro quo sexual harassment under 42 USC 2000 e-2, since Plaintiff Chacón's refusal to submit to the sexual advances of Defendants Cotto Vázquez, José Cotto and Carlos Cotto led to an adverse change in her employment conditions and eventual dismissal.

### SECOND CAUSE OF ACTION – SEXUAL HARASSMENT (QUID PRO QUO) UNDER LAW 17

51. The allegations contained in paragraphs 1 – 48 are incorporated herein by reference.

52. The Corporate Defendants' dismissal of Plaintiff Chacón after she complained to Defendant Cotto Carrasquillo about the sexual harassment she was being subjected to constitutes retaliation, in violation of Title VII, 42 USC 2000 e-2 et seq., and Law 115 of 1991, 29 LPRA 194 et seq.

53. Plaintiff Chacón requests a Jury Trial.

## COMPENSATORY AND PUNITIVE DAMAGES

54. Plaintiff Chacón respectfully requests compensatory damages for pain and mental anguish in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS (US$250,000.00), as authorized by applicable statutes.

55. Award Plaintiff Chacón the amount of ELEVEN THOUSAND DOLLARS (US$11,000.00) for the work to obtain the necessary licenses and permissions that she conducted under the direct instructions of Defendant Cotto Carrasquillo, all on behalf of the Corporate Defendants.

56. Since Defendants Cotto Vázquez, Cotto Carrasquillo, José Cotto and Miguel Cotto acted with malice and reckless indifference to Plaintiff Chacón's federally protected right to be free of sexual harassment under Title VII, Plaintiff Chacón respectfully requests punitive damages in an amount not less than TWO HUNDRED AND FIFTY THOUSAND DOLLARS (US $250,000.00), pursuant to 42 USC 1981 a (b).

57. Plaintiff also respectfully requests reasonable attorney's fees and costs, pursuant to Federal Rules of Civil Procedure 54(d) (2); USDC PR Local Rule 54 and the Attorney's Fees Act, 42 USC 2000 e-5(k). <u>Coutin v. Young & Rubican Puerto Rico, Inc.</u>, 124 F. 3d

331 (1st Cir. 1997), <u>Summit Valley Indus. V. Local 112, United Bd. Of Carpenters</u>, 456 US 717, 721 (1982).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

58. Plaintiff Chacón filed a claim under the Puerto Rico's Antidiscrimination Unit and the EEOC work sharing agreement, as required by federal law. She was issued a Right to Sue letter on July 15, 2009 after a probable cause determination was made.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Chacón respectfully requests that, for the reasons alleged herein, this Honorable Court:

i)  Enters judgment against all defendants as requested above.

ii) Awards Plaintiff Chacón her reasonable attorney fees, costs and disbursements from the parties.

iii) Awards such other relief in accordance with Plaintiff Chacón's causes of actions herein and as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 24th day of August, 2009.

S/Luis E. Miñana, USDC-PR #225,608　　S/Héctor Eduardo Pedrosa Luna, USDC-PR #223202
　　Luis E. Miñana & Asoc.　　　　　　　　Héctor Eduardo Pedrosa-Luna, Esq.
　　#122 Domenech Ave. (2nd Floor)　　　　P O Box 9023963
　　San Juan, PR 00918-3503　　　　　　　San Juan, PR 00902-3963
　　Tel. (787) 758-1999　　　　　　　　　　Tel. 787-920-7983
　　Fax (787) 773-0500　　　　　　　　　　Fax 787-764-7511
　　E-mail: notarial@prtc.net　　　　　　　　E-mail: hectorpedrosa@gmail.com

*Attorneys for Plaintiff*